# S T A T E  O F  L O U I S I A N A

## PARISH OF ORLEANS

-----------------------------------------------------

MRS. MARGARET O'HARA,             :
Widow of Thomas J. Burke,         :        No. 7589
                                  :
        versus                    :
                                  :
ALAMGAMATED ASSOCIATION           :     COURT OF APPEAL.
OF STREET & ELECTRIC RAILWAY      :
EMPLOYEES OF AMERICA.             :

-----------------------------------------------------

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮

-----------------------------

JUDGMENT REVERSED.

O P I N I O N

Max Dinkelspiel, Judge.

----------------------------------

The facts in this case are virtually undisputed. The deceased, Thomas J. Burke, was a member of the Amalgamated Association of Street & Electric Railway Employees of America, and had been such member for nine years. Amongst other provisions of defendant's by-laws and general laws, certain benefits were conferred on members, under circumstances as stated in said by-laws. Section 89 of the constitution specifically forbids the payment of the funeral benefit to any one whose death has been caused while on duty as a policeman, and it is admitted that the plaintiff's son met his death by drowning, while on duty as a policeman, and his death was caused by the performance of his duty as such. The local association of this order, at the time of the death, under its peculiar provisions, paid to the plaintiff, Mrs. Margaret O'Hara, the mother of the deceased the sum of $200.00. The amount involved in this suit, arising from defendant's loss total was $800.00; there was left, therefore, the sum of $600.00, which benefit, if payment was to be made, and if the deceased had obeyed the laws of the order, his heirs would have received.

The local association is controlled by the by-laws of Division No. 194 of the order, which is called the National Association, and that is the only party that can be looked to, if to any one, for the payment of the remainder, to-wit, $600.00.

The National Association's charter shows that it has three benefits, towit: The Funerl Benefit, the Disability Benefit and the Old Age Benefit, and Section 89 specifically forbids the payment of the funeral or disability benefit if death occurs while on duty in one of the forbidden occupations. Its language is, that on the death of a beneficiary member the funeral benefit

shall be paid as follows: "No death or disability claim shall be allowed or paid to members whose death or disability has been caused while on duty as a volunteer miliatiaman, policeman, or paid city fireman, or any other hazardous or prohibitive occupations as defined by insurance companies. Neither he nor any person for him shall have any claim on the funds of this society."

The deceased ~~entitle heirs~~ bound himself in conformity with the laws of the order to comply therewith, knowing that if in the performance of his duty as policeman death occurred, results followed debarring him or his heirs from participation in the funds of the National Association. Hence, it follows that there must be judgment in favor of the defendant company.

It is therefore ordered, adjudged and decreed that the judgment of the court a quo be annulled, avoided and reversed, and that there be judgment now in favor of the defendant company, with costs.

Judgment Reversed.